## Daniel Miller Company v. Lochman.

*George Ross Eshleman*, for plaintiff; *Charles W. Eaby*, for defendant.

GROFF, J., Jan. 10, 1931.—From the pleadings in this case we gather that on Oct. 7, 1929, the plaintiff, Daniel Miller Company, brought suit against the defendant, Kenneth L. Lochman, to October Term, 1929, No. 87, for the sum of $491.24, and on Oct. 26, 1929, the said sum of $491.24 was paid by the said defendant to the said plaintiff, and the said suit was marked "Settled, ended and costs paid."

Plaintiff now claims there was $100 more due at that time than suit was brought for, and that the settlement made thereon was through an error, and that plaintiff has a right to recover the amount now sued for.

The defendant filed his affidavit of defense raising a question of law, stating that the settlement of the former suit was a complete discharge of all amounts due the former party, in other words, that it constituted payment.

Section three of the Practice Act of May 14, 1915, P. L. 483, says:

"Pleas in abatement, pleas of the general issue, payment, payment with leave, set-off, the bar of the statute of limitations, and all other pleas are abolished. Defenses heretofore raised by these pleas shall be made in the affidavit of defense."

Section four of the same act provides:

"Demurrers are abolished. Questions of law heretofore raised by demurrer shall be raised in the affidavit of defense, as provided in section twenty."

And section twenty of the same act says:

"The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law so raised may be set down for hearing and disposed of by the court. If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just. If the court shall decide the question of law, so raised, against the defendant, he may file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days."

This proceeding, according to the act of assembly, is in lieu of demurrer at the common law.

In volume 1 of Bouvier's Law Dictionary, Rawle's 3rd Revision, at page 837, "demurrer" is defined as follows:

"In Pleading. An allegation, that, admitting the facts of the preceding pleading to be true, as stated by the party making it, he has yet shown no cause why the party demurring should be compelled by the court to proceed further. A declaration that the party demurring will go no further, because the other has shown nothing against him."

The question of law raised in this affidavit of defense is not such as would have been raised by a demurrer at the common law, but it would have been raised under section three of the Practice Act above quoted, and the proper defense at the common law would have been the plea of payment or the general issue. The said affidavit of defense indicating one of the pleas mentioned in section three of the said Practice Act, it must be made in an affidavit of defense to the merits.

We, therefore, decide the question of law raised in the affidavit of defense against the defendant, and authorize him to file a supplemental affidavit of defense to the averments of fact in the statement within fifteen days from the filing of this opinion. Question of law decided against the defendant.